United States District Court
Southern District of Texas
**ENTERED**
April 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRADLEY THOMAS BOONE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-00175 |
| | § | |
| ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Bradley Thomas Boone ("Boone") seeks judicial review of an administrative decision denying his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"). *See* 42 U.S.C. §§ 405(g) and 1383(c)(3).

All dispositive pretrial motions in this case have been referred to me for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. 10. Before me are competing Motions for Summary Judgment filed by Boone and Defendant Andrew Saul, the Commissioner of the Social Security Administration (the "Commissioner"). Dkts. 16, 17. Having considered the motions, responsive briefing, and applicable law, I **RECOMMEND** that Boone's Motion for Summary Judgment (Dkt. 16) be **GRANTED**, the Commissioner's Motion for Summary Judgment (Dkt. 17) be **DENIED**, the decision of the Administrative Law Judge ("ALJ") be **REVERSED**, and the case be **REMANDED** to the Commissioner for reconsideration in accordance with this opinion.

## BACKGROUND

Boone filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging disability as of January 7, 2013. Boone's applications were initially denied and denied again upon reconsideration. Subsequently, an ALJ held a hearing and found that:

1. Boone had not engaged in substantial gainful activity since January 7, 2013;

2. Boone had the severe impairment of lumbar post laminectomy syndrome with chronic pain syndrome;

3. Boone's impairment did not meet any of the Social Security Administration's ("Administration") listed impairments;

4. Boone has the residual functional capacity ("RFC") to perform the full range of sedentary work, but he was not capable of performing his past relevant work as an airplane pilot; and

5. Considering Boone's age, education, work experience, and RFC in conjunction with the Medical Vocational Guidelines, Boone was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Dkt. 14-3 at 25. Thus, Boone was not disabled.

Boone filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final. This appeal followed.

## LEGAL STANDARD

Section 405(g) of the Act governs the standard of review in disability cases. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny social security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard, and (2) the Commissioner's factual

findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance." *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). "Judicial review is to be deferential without being so obsequious as to be meaningless." *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986).

"[A] claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (internal quotation marks, citation, and emphasis omitted). To determine if a claimant is disabled, the ALJ uses a sequential, five-step approach:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

"The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step." *Id*. (quotation marks and citation omitted). "Before reaching step four, the Commissioner assesses the claimant's residual functional capacity ('RFC'). The claimant's RFC assessment is a determination of the most the claimant can still do despite his or her physical and mental limitations and is based on all relevant evidence in the claimant's record." *Kneeland*, 850 F.3d at 754

(internal quotation marks and citations omitted). "The RFC is used in both step four and step five to determine whether the claimant is able to do her past work or other available work." *Id*.

The Commissioner's decision must stand or fall with the reasons stated in the ALJ's final decision. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). *Post hoc* rationalizations for an agency decision are not to be considered by a reviewing court. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). "The reviewing court may not reweigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. Conflicts in the evidence are for the Commissioner, not the courts, to resolve." *Pennington v. Comm'r of Soc. Sec. Admin.*, No. 3:16-CV-230, 2017 WL 4351756, at *1 (S.D. Tex. Sept. 29, 2017) (citing *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

## DISCUSSION

Boone advances several meritless arguments in support of his Motion for Summary Judgment. I do not address those arguments. Instead, I focus my discussion on an argument that I find warrants remand.

Boone contends that the ALJ based his RFC finding on a functional capacity evaluation ("FCE") completed by Occupational Therapist Alexanna Godleski ("OT Godleski"), but the ALJ ignored that "[e]very limitation given in the [FCE] is below sedentary work as defined by the Social Security Disability guidelines." Dkt. 16 at 5.

Based on this argument, I will review the ALJ's RFC finding to determine if it is supported by substantial evidence.

I begin by noting that OT Godleski is the only medical professional who personally examined Boone before assessing his functional limitations. Further, OT Godleski's FCE, upon which the ALJ relies, is the sole medical opinion that the ALJ provided great weight in assessing Boone's RFC. Thus, I must determine whether OT Godleski's FCE actually supports the ALJ's sedentary-work determination.

The ALJ explained as follows:

> In February 2018, [Boone] had a functional capacity evaluation and it was determined the claimant can perform sedentary work. Pursuant to 20 CFR 404.1527(f) and 416.927(f), the undersigned considered the opinion and affords it great weight because the opinion is well-supported by medically acceptable techniques and is consistent with other substantial evidence in the record.

Dkt. 14-3 at 23 (citation omitted).

The ALJ is correct that OT Godleski concluded Boone could perform the full range of sedentary work. *See* Dkt. 14-12 at 33 ("The U.S. Department of Labor standard for Physical Demand Classification (PDC) qualifies [Boone] at a Sedentary PDC.").[1] However, the ultimate determination of a claimant's RFC is within the purview of the ALJ only. *See Dobbins v. Colvin*, No. 6:14-CV-055-BL, 2016 WL 1179020, at *3 (N.D. Tex. Feb. 25, 2016) ("[O]pinions on issues reserved to the Commissioner are never

---

[1] It is unclear to me, and the ALJ certainly does not discuss, whether the Physical Demand Classification standards used by the U.S. Department of Labor define "sedentary" the same way it is defined by the Administration. *See Price v. Comm'r of Soc. Sec.*, No. 12-15209, 2013 WL 6549657, at *2 (E.D. Mich. Dec. 13, 2013) (indicating that the U.S. Department of Labor's definition of light work is not identical to the Administration's definition of light work).

entitled to controlling weight or even special significance."); 20 C.F.R. § 404.1527(d) (Opinions that assess a claimant's RFC are opinions on issues reserved to the Commissioner that "are not medical opinions" and are not entitled to "any special significance."). Thus, the ALJ should not have afforded any special significance to OT Godleski's conclusion and instead considered the functional limitations described in the FCE. In my view, one specific finding is particularly important—Boone's maximum tolerance for sitting was measured at only 30 minutes.

> The Code of Federal Regulations defines sedentary work as follows:
>
> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567. "Social Security Ruling 83–10 elaborates on this definition of 'sedentary work,' providing that 'standing or walking should generally total no more than about 2 hours of an 8—hour workday, and sitting should generally total approximately 6 hours of an 8—hour workday.'" *Ramirez v. Colvin*, 606 F. App'x 775, 778 (5th Cir. 2015) (quoting SSR 83-10, 1983 WL 31251 (1983)). *See also Lawler v. Heckler*, 761 F.2d 195, 197–98 (5th Cir. 1985) ("[S]edentary work implies a capacity to sit for at least 6 hours in an 8-hour work day.") (internal quotation marks omitted).

Relying on OT Godleski's FCE, the ALJ concluded that Boone was capable of performing the full range of sedentary work, which necessarily implies that Boone is capable of sitting for approximately six hours per day. However, in the FCE, OT

6

Godleski identified a measured maximum sitting tolerance of 30 minutes, and the FCE does not contain any additional description of Boone's sitting limitations.[2] In my review of the administrative record, I have not identified any other medical evidence from an examining medical professional specifically describing Boone's ability to sit.[3] In my view, a single medical finding that Boone can sit for a maximum of 30 minutes does not amount to substantial evidence that Boone can sit six hours of an eight-hour workday. Without more evidence that Boone is capable of sitting for approximately six hours per day, I cannot find that there is substantial evidence to support a sedentary exertional level. *See Cauthen v. Comm'r of Soc. Sec.*, 415 F. Supp. 3d 738, 740 (N.D. Miss. 2019) ("The Fifth Circuit has further held that substantial evidence must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence.") (internal quotation marks and citation omitted). *See also Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Consequently, I find that the record lacks

---

[2] The Commissioner argues that I should not consider Boone's Motion for Summary Judgment because Boone failed to adequately brief the issues with supporting arguments and citations. I disagree. Boone competently recognized the absence of evidence that he could sit for approximately six hours per day and pointed it out in his *pro se* briefing. *See* Dkt. 18 at 2 ("[T]he evaluation shows a measured maximum tolerance for sitting at 30 minutes. The average sedentary job requires you to sit for 6–8 hours each day. These restrictions are recognized . . . by the Social Security Administration.").

[3] The ALJ assigned little weight to the RFCs completed by two, non-examining, state agency medical professionals. Those state agency medical professionals described Boone's supposed sitting limitations based on the medical record without examining Boone. As far as I can tell, besides OT Godleski's FCE, the administrative record does not contain any other medical opinion concerning Boone's ability to sit. Thus, the state agency medical professionals' opinions with respect to Boone's ability to sit were not based on any medical evidence nor an in-person examination. In light of these facts, to the extent that the state agency medical professionals described any sitting limitations, I find that they do not amount to substantial evidence.

substantial evidence to support the ALJ's finding that Boone is capable of performing sedentary work.

## CONCLUSION

For the reasons explained above, I **RECOMMEND** that Boone's Motion for Summary Judgment (Dkt. 16) be **GRANTED**, the Commissioner's Motion for Summary Judgment (Dkt. 17) be **DENIED**, the decision of the ALJ be **REVERSED**, and the case be **REMANDED** to the Commissioner for reconsideration in accordance with this opinion.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED in Houston, Texas, this 17th day of April, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE